PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GUILLERMO G. GONZALO, Defendant and Appellant.

No. 5548.   Argued November 15, 1934.—Decided November 30, 1934.

R. *Martínez Nadal* and *Ramón G. Goyco* for appellant. R. A. *Gómez,* *Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

José Tiburcio Gonzalo and Guillermo G. Gonzalo were accused of murder in the second degree in having on the 6th of January, 1931, assaulted and battered Pablo Sardán Silva with sharp weapons causing various wounds from which the latter died on the 11th of February, 1931.

When the case was called the defendants asked for separate trials and the court acceded to the request. This is an appeal of Guillermo G. Gonzalo from a judgment for voluntary manslaughter wherein he was sentenced to two years in the penitentiary at hard labor.

There are three assignments of error. The first and third are discussed together by the appellant and relate to questions of fact; in other words, the appellant maintains that the verdict is against the evidence.

So far as the first assignment of error relates to a motion in arrest of judgment, we are of the opinion that the appellant was mistaken in filing it, inasmuch as matters of fact not already of record can not be reached by a motion in arrest of judgment.

In attacking the verdict the appellant presents two aspects. The first is that there was not sufficient evidence to show that Guillermo G. Gonzalo inflicted the blow that caused the death of Pablo Sardán Silva. The Government presented two witnesses to prove that Guillermo G. Gonzalo did in fact inflict a wound in the breast of the deceased which Dr. de Jesús thought was sufficient to cause the death. Briefly, José Tiburcio Gonzalo, son of the appellant, struck Pablo Sardán Silva. Thereafter José Tiburcio Gonzalo went to a neighboring restaurant and obtained a short *machete,*

or a piece of one. The deceased pursued his way, entered a house and obtained an ordinary table knife to defend himself. A very short time afterwards, possibly three or four minutes, Guillermo Gonzalo was advised of what was happening and appeared on the scene. Meanwhile José Tiburcio Gonzalo went away and returned in an automobile with a number of friends. Father and son were thus united on the scene of action. Then Silva said in effect that he did not care to have any difficulties with either of them and he turned his weapon over to the father. The evidence tends to show that the son stabbed the deceased in the back or on the side while the father inflicted a wound through the breast. There was evidence from the eyewitnesses of the Government that the deceased said that he had been wounded by Guillermo Gonzalo. While perhaps the two witnesses of the Government are not perfectly certain as to the character of the instrument with which the wound was inflicted, and they do not actually describe the moment of its infliction, the jury had a right to believe that it was Guillermo Gonzalo that inflicted the wound which did or might have caused the death of the deceased. We say "might have" because of the second point discussed by the appellant.

■ Even if the witnesses had been less explicit and had not seen the blow actually inflicted, when the testimony tended to show the Pablo Sardán Silva died from the wounds inflicted on him on the sixth day of January, 1931, and it was shown that the defendant and his son were there attacking him, this was all circumstantial evidence giving the jury the right to believe that the death was caused by the blow from the front and that the appellant was the person who delivered it.

■ Furthermore, both the appellant and his son were aiding and abetting each other in the events that led up to the death of Silva and under Section 36 of the Criminal Code either of them might be considered as a principal.

■ The second point was to the effect that it was not definitely shown that Silva died as a consequence of a blow. Dr. de Jesús testified that the deceased received a blow which went through his lung and reached his heart. The wound in the heart subsequently healed but an abscess arose in the lung which was the immediate cause of the death of Silva. When further examined, Dr. de Jesús naturally admitted that the infection of the lung might have happened from some other cause than the blow. The defendant insists upon this especially as the death took place sometime after the infliction of the blow. Reading the whole testimony of the doctor it is evident that the jury had a right to believe that the death of Silva was caused by the wound inflicted on the 6th of January, 1931. An expert can only give his opinion and this the doctor did. It would have been impossible for him to say that the abscess could not have been produced by another cause. The law only requires reasonable certainty in cases of this kind, and this reasonable certainty exists in this case.

There was also a motion for a new trial on the ground of newly discovered evidence. This evidence was contradicted by the Fiscal and the court had a right to decide the conflict and we find no error.

The judgment appealed from should be affirmed.